IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHELLE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:05-1171-T-An |
| ) | |
| CBK; and ) | |
| PAULA PARDUE, Individually, ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING DEFENDANT PAULA PARDUE'S MOTION TO DISMISS

Michelle Brown ("Plaintiff") filed this action against Defendants CBK ("CBK") and Paula Pardue ("Pardue") pursuant to the Family and Medical Leave Act of 1993 ("FMLA" or "Act"), 29 U.S.C. § 2611, *et. seq.* Plaintiff alleged that CBK, through Defendant Pardue, violated § 2615 of the FMLA by interfering with her FMLA right to reinstatement and by discharging her in part because she had attempted to exercise her FMLA rights. *See* 29 U.S.C. § 2615.[1] Defendant Pardue filed a motion to dismiss on the ground that the FMLA does not impose individual liability on employees of covered employers under any circumstance. In the alternative, Defendant Pardue argued that, even if the FMLA does impose individual liability in some circumstances, Plaintiff's complaint failed to allege a

---

[1] Plaintiff also alleges that Defendant CBK discharged her in part because she had previously filed a workers' compensation claim under state law. [Compl., ¶¶ 13, 14, 18] That count, however, does not name Paula Pardue, either individually or as an agent of CBK.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 11/28/05



sufficient set of facts to support a potential finding of individual liability in this particular case. For the following reasons, Defendant Pardue's Motion to Dismiss [Dkt. # 7] is DENIED.

According to the complaint, CBK is a business entity that operates out of and does business in Obion County, Tennessee. Defendant Pardue is a member of CBK's "management," and she maintains an office at CBK's facilities in Obion County. Plaintiff is an Obion County resident who worked at CBK before she was discharged in the Spring of 2005.

The complaint alleges that, at all relevant times before her termination, Plaintiff was an eligible employee under the FMLA. *See* 29 U.S.C. § 2611(2). CBK, likewise, was an employer subject to the provisions of the Act. *See id.* § 2611(4)(A)(i). On the mornings of March 14 and 15, 2005, Plaintiff alleges that she telephoned someone at CBK and gave notice that she would be unable to work because of a "serious health condition" from which she was suffering. *See id.* § 2611(11).[2] CBK allegedly counted these absences as "unexcused." [Compl., ¶ 10] After counting Plaintiff's March 14 and March 15 absences against her, CBK, "through Defendant Pardue," terminated Plaintiff's employment. [Compl., ¶ 11] Plaintiff states that CBK and Pardue's proferred reason for the discharge was Plaintiff's violation of the company attendance policy. Plaintiff further asserts, however, that she was actually terminated because she had previously filed a claim under the state's

---

[2]Plaintiff's alleged serious health condition apparently grew out of a work-related injury that she had sustained at CBK and that had formed the basis for her prior workers' compensation claim. [Compl., ¶¶ 8, 9, 13]

2

workers' compensation laws and because she was attempting to exercise her rights under the FMLA by taking leave-qualifying absences. [Compl., ¶ 14]

Defendant Pardue maintains that she cannot be held individually liable under the FMLA. First, Defendant Pardue argues that Congress intended to shield individuals from liability and that the court should respect that intent. Second, Defendant Pardue claims that, even if individual liability sometimes exists in the FMLA context, Plaintiff has failed to state a claim for individual liability in this specific case because Plaintiff has not alleged that Defendant Pardue (1) was an officer of CBK, (2) who held a "significant ownership interest," and (3) who exercised "operational control of significant aspects of the corporation's day to day functions." [Def.'s Mem. Supp. Mot. to Dismiss at 9] In response to Defendant Pardue's first argument, Plaintiff relies on the Sixth Circuit's decision in *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), and on the prevailing view that the FMLA sometimes imposes individual liability on a "person who acts, directly or indirectly, in the interest of an employer to [the plaintiff]" with respect to the challenged employment action at issue. [Pl.'s Resp. to Mot. to Dismiss at 2] As to Defendant's second argument, Plaintiff contends that a liberal reading of the complaint supports the conclusion that Plaintiff has stated a valid claim against Defendant Pardue in the latter's individual capacity. [Pl.'s Resp. to Mot. to Dismiss at 3–5]

I.

Defendant Pardue's motion to dismiss is governed by Rule 12 of the Federal Rules

3

of Civil Procedure. Rule 12 provides for dismissal of an action when the complaint "fails to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When deciding a 12(b)(6) motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [the] claims that would entitle [the plaintiff] to relief." Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996).

II.

A.

Defendant Pardue first contends that Plaintiff fails to state a valid FMLA claim against her because, regardless of the facts of a specific case, the FMLA never imposes individual liability on individual employees. "The issue of whether the FMLA imposes individual liability turns on an interpretation of the term 'employer.'" *Mitchell v. Chapman*, 343 F.3d 811, 827 (6th Cir. 2003). Under section 2611 of the Act, the term "employer" means:

> (i) any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> (ii) includes—
>     (I) *any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer*; and
>     (II) any successor in interest of an employer;
>
> (iii) includes any 'public agency,' as defined in section 3(x) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(x)); and
>
> (iv) includes the General Accounting Office [Government Accountability Office] and

4

the Library of Congress.

29 U.S.C. 2611(4)(A)(i)–(iv) (emphasis added). The italicized portion of the FMLA has been interpreted to impose individual liability on employees of covered private sector employers if the employee exercises an adequate amount of control over the plaintiff's ability to exercise his or her FMLA rights. *See Mitchell*, 343 F.3d at 827–28 (collecting numerous cases that have interpreted § 2611(4)(A)(ii) to extend individual liability under certain circumstances). The Secretary of Labor, in whom Congress vested statutory authority to issue regulations "carry[ing] out" the provisions of the FMLA, also interprets the FMLA to impose individual liability on "individuals such as corporate officers 'acting in the interest of an employer.'" 29 C.F.R. § 825.104(d). One reason underlying both the Secretary's regulation and the majority view in the judiciary is the fact that "employer" in the FMLA is defined almost identically in the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 203(d) (defining "employer" in part as "any person acting directly or indirectly in the interest of an employer in relation to an employee"), which imposes individual liability.

This court, moreover, has visited the same issue before. In *Phillips v. Leroy-Somer N. Am.*, No. 01-1046, 2003 U.S. Dist. LEXIS 5334, at *1–2 (W.D. Tenn. March 31, 2003),[3] an FMLA plaintiff filed suit against her former employers and various supervisory personnel. *Id.* Several of the individual defendants moved for summary judgment on the ground that the FMLA did not impose individual liability on employees of covered FMLA

---

[3]Defendant Pardue does not cite *Phillips* in her motion to dismiss.

5

employers. *Id.* at *25. The court rejected that argument, citing several other district court cases in the Sixth Circuit that had imposed individual liability when the supervisor had a sufficient degree of control over "the employee's leave and employment status." *Id.* at *25–26 (citing *Bryant v. Delbar Prods., Inc.*, 18 F. Supp. 2d 799, 807 (M.D. Tenn. 1998); *Rupnow v. TRC, Inc.*, 999 F. Supp. 1047, 1048 (N.D. Ohio 1998); *Stubl v. T.A. Sys., Inc.*, 984 F. Supp. 1075, 1084–85 (E.D. Mich. 1997)).

Defendant Pardue's argument appears to be that all of the federal courts that have interpreted the FMLA to impose individual liability in some situations have been incorrect. In her view, it is clear that Congress did not intend to incorporate the FLSA's individual liability provision in the FMLA. To support this argument, Defendant Pardue points out that, when Congress defined "employer" as "includ[ing]" those employees who act in the interest of the employer with respect to employees' FMLA rights, Congress did not cite the FLSA. *Compare, e.g.*, 29 U.S.C. § 2611(4)(A)(ii)(I) *with id.* § 2611(4)(A)(iii) (defining "public agency" by citing "section 3(x) of the [FLSA]"). According to Defendant Pardue, if Congress had intended to impose individual liability, Congress would have simply provided a citation to the FLSA's definition of "employer" instead of explicitly stating that "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." *See* 29 U.S.C. § 2611(4)(A)(ii)(I). This argument is without merit.

The fact that Congress did not cite the FLSA in the provision at issue does not change

6

the fact that Congress used virtually identical language in both statutes to describe what an "employer" "includes." *See, e.g., Johnson v. Fayette County*, 271 F. Supp. 2d 1068, 1070 (W.D. Tenn. 2003) ("Even if the definition of employer could be read as having more than one meaning, however, courts have repeatedly found that individual liability exists under the FMLA after analyzing the FMLA under case law governing the [FLSA]."); *c.f. Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987) (acknowledging a "presumption that similar language in two labor law statutes has a similar meaning"). In any event, the critical inquiry is not simply whether Congress specifically contemplated the FLSA's definition of "employer" when it drafted the FMLA, but instead whether the language of the FMLA itself supports an interpretation that the Act sometimes imposes individual liability. The similarity between the FLSA and the FMLA, the text of the FMLA itself, the abundance of case law interpreting the FMLA to impose individual liability in some cases, this court's decision in *Phillips*, and, notably, the Secretary of Labor, all support an interpretation that the language of the relevant FMLA provision imposes individual liability on employees of covered private-sector employers under certain circumstances.[4]

---

[4]Moreover, the lack of a specific citation to the FLSA in the FMLA provision at issue is not particularly surprising. In the FLSA, Congress defined employer in part as "any person acting directly or indirectly in the interest of an employer in relation to an employee *and includes a public agency.*" 29 U.S.C. § 203(d). In the FMLA, however, Congress separated the "public agency" language from the "individual liability" provision. *See* 29 U.S.C. § 2611(4)(A)(ii) & (iii). It would have made little sense, after having dissected the "public agency" language from the "individual liability" language in the FMLA, for Congress to have specifically referred back to a provision of the FLSA that used commingled vocabulary. *See also Mitchell v. Chapman*, 343 F.3d 811, 831–32 (6th Cir. 2003). Thus, to a certain extent, Defendant Pardue is *correct* that Congress did not exactly "adopt" the FLSA's definition of "employer" in the FMLA. *See id.* (quoting *Keene v. Rinaldi*, 127 F. Supp. 2d 770, 775 (M.D. N.C. 2000), and finding that the change in definition was meant to cure an " 'ambiguous situation concerning the liability of *public agency employees*'") (emphasis added). The problem for Defendant Pardue, then, is that the structural distinction between the two statutes' definitions of "employer" says nothing about Congressional intent with respect

7

Finally, and most important for purposes of Defendant Pardue's motion, the district court case[5] upon which Defendant Pardue relies is no longer viable in light of the Sixth Circuit's decision in *Mitchell v. Chapman*. *See* 343 F.3d 811 (6th Cir. 2003). While it is true that *Mitchell* dealt only with the liability of *public agency* employees, it is clear that the court of appeals' decision implicitly held that some *private sector employees* would be subject to individual liability under the FMLA. In *Mitchell*, the court of appeals held that the FMLA does not impose individual liability on employees of "public agenc[ies]" as defined by 29 U.S.C. § 2611(4)(A)(iii). *See Mitchell*, 343 F.3d at 829. The court of appeals reached that decision, however, after "determin[ing] that the FMLA extends individual liability to private-sector employe[es]." *Id.* at 830 n.22. The court's "determination" with respect to private-sector employees was, in fact, a significant factor in the court's ultimate conclusion regarding public agency employees. *See id.* at 828 (referring to 29 U.S.C. § 2611(4)(A)(ii)(I) as "the specific provision regarding individual liability," and noting that the FMLA "explicitly separates the individual liability provision [§ 2611(4)(A)(ii)(I)] and public agency provision [§ 2611(4)(A)(iii)] into two distinct clauses"), 832 (holding that "the FMLA's individual liability provision does not extend to public agencies"). Unless the *Mitchell* court agreed that § 2611(4)(A)(ii)(I) imposes individual liability in some private-

---

to the liability of *private-sector* employees.

[5] *See* Def.'s Mem. Supp. Mot. to Dismiss at 4 (citing, as the only district court case in this circuit in support of her position, *Frizzell v. Southwest Motor Freight, Inc.*, 906 F. Supp. 441, 449 (E.D. Tenn. 1995)). The only other district court case supporting Defendant Pardue's argument, from any circuit, is *Rental Unif. Serv. of Culpepper, Inc. v.* 977 F. Supp. 753, 759 (W.D. Va. 1997)).

sector cases, the court's ultimate holding—that the "FMLA's individual liability provision does not *extend* to public agencies"—was unnecessary. Thus, *Mitchell* itself controls the outcome of Defendant Pardue's motion to the extent that Defendant Pardue argues that the FMLA *never* imposes individual liability.

B.

Defendant Pardue next argues that, even if the FMLA sometimes imposes individual liability, Plaintiff has failed to allege a sufficient factual basis upon which Defendant Pardue could ultimately be held liable in this specific case. [Def.'s Mem. Supp. Mot. to Dismiss at 7–10] While Plaintiff refers to Defendant Pardue as a "member of CBK's management" and alleges that Defendant Pardue is actually the person who carried out the challenged employment actions, Defendant Pardue contends that these allegations are not enough. Instead, Defendant Pardue asks the court to hold that, to establish individual liability under the FMLA, a plaintiff must plead and prove that the defendant: (1) was a "corporate officer" of the covered employer, and (2) held a "significant ownership interest" in the covered employer, and (3) exercised "operational control of significant aspects of the corporation's day to day functions." [Def.'s Mem. Supp. Mot. to Dismiss at 9 (relying on *Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983) and *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991))]

Defendant Pardue's argument on this point is based on the Sixth Circuit's apparent adoption of the "economic realities" test in the FLSA individual liability context. *See, e.g.,*

*United States DOL v. Cole Enters., Inc.*, 62 F.3d 775 (6th Cir. 1995); *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994); *Dole*, 942 F.2d 962. Pursuant to that test, a particular defendant is personally responsible for a covered employer's FMLA violations if the defendant is also an "employer" vis-a-vis the employee as a matter of economic reality. *See Cole Enters., Inc.*, 62 F.3d at 778. The economic realities "test" is difficult to satisfy and would require Plaintiff to prove the existence of an independent "employment relationship" between Plaintiff and Defendant Pardue.

Although the court acknowledges the Sixth Circuit's apparent approval of the economic realities analysis in the FLSA context, *see Dole*, 942 F.2d at 965, and although that framework may be useful for some purposes under the FMLA, *see, e.g., Nichols v. All Points Transp. Corp. of Mich., Inc.*, 364 F. Supp. 2d 621, 630–31 (E.D. Mich. 2005) (applying the test to distinguish between "employees" and "independent contractors" for jurisdictional purposes under the FMLA), the court is not convinced that the Sixth Circuit would apply the economic realities "standard" to the specific issue before the court. Indeed, in *Phillips v. Leroy-Somer N. Am.*, this court did not apply the economic realities analysis in holding that a supervisory employee in a covered FMLA entity could be held individually liable if the supervisor exercised an adequate amount of control over the plaintiff's FMLA "leave and employment status." No. 01-1046, 2003 U.S. Dist. LEXIS 5334, at *25 (W.D. Tenn. March 31, 2003). The other district courts in this circuit also appear to focus on the individual supervisor's control over a plaintiff's FMLA rights, and they find the existence

10

of such control sufficient without requiring that a separate "employment relationship" exist between the supervisor and the plaintiff. This is true even though some of the courts refer to the "economic realities" test by name. *See Mize v. Mendoza Co.*, No. 2-01-cv-629, 2005 U.S. Dist. LEXIS 28110, at *12, 14 (Nov. 16, 2005) (holding that, because the defendant was the plaintiff's direct supervisor and he controlled the decision to terminate her, the defendant was subject to individual liability under the FMLA); *Johnson v. Fayette County*, 271 F. Supp. 2d 1068, 1070–71 (W.D. Tenn. 2003) (citing, and agreeing with, several cases interpreting the FMLA to impose individual liability on some "supervisory and managerial employees;" noting, however, that "the economic realities" test is used in FLSA cases and suggesting that it applies only to "officers"); *Richardson v. CVS Corp.*, 207 F. Supp. 2d 733, 744 (E.D. Tenn. 2001) (purporting to apply the "economic realities" test, but finding that an individual met that test because he exercised "day-to-day operational control" over the business and he "single handedly made the decision to terminate plaintiff's employment); *Bryant v. Delbar Prods., Inc.*, 18 F. Supp. 2d 799, 807–09 (M.D. Tenn. 1998) (holding that a defendant met the FMLA test for individual liability because he had "personnel responsibilities," because he "controlled . . . [plaintiff's] ability to take a leave of absence and return to her job," and because he participated in the decision to terminate the plaintiff).

These cases, although they sometimes refer to the "economic realities" test, do not necessarily require the existence of a separate "employment relationship" between the FMLA plaintiff and the individual supervisor defendant. Instead, an individual supervisor

11

in a covered FMLA private-sector employer may be held individually liable " 'even if [the supervisor] does not exercise exclusive control over all the day-to-day affairs of the [covered employer].'" *Bryant*, 18 F. Supp. 2d at 808 (quoting *Freemon v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill. 1995). "So long as [the individual defendant] possesses control over *the aspect of employment alleged to have been violated*, the FMLA will apply to that individual." Id. (emphasis added) (internal quotation marks and citation omitted).

In short, the court cannot adopt Defendant Pardue's rigid interpretation of the "economic realities" test into the question of whether an individual supervisor may be held liable for violating the FMLA. Defendant Pardue does not dispute that Defendant CBK is a "covered employer" under the FMLA and that a sufficient employment relationship exists between Plaintiff and Defendant CBK. To adopt Defendant Pardue's view of the "economic realities" test, the court would apparently have to require Plaintiff to prove that a separate and additional employer-employee relationship existed between Plaintiff and Defendant Pardue before before individual liability could be imposed. The cases dealing with individual liability under the FMLA do not support that position.

Construing the complaint liberally, as the court must at this stage, Plaintiff has alleged a "set of facts" that might ultimately support a finding of individual liability against Defendant Pardue. Plaintiff alleges that Defendant Pardue was a "member of management" and that the alleged FMLA violations were taken by Defendant Pardue. Although Plaintiff may ultimately fail to prove that Defendant Pardue's participation in the alleged violations

was sufficient, that factual inquiry cannot be determined on a motion to dismiss for failure to state a claim.

## III.

In denying the motion to dismiss, the court notes that Defendant Pardue's Congressional intent argument is not unreasonable. In particular, Defendant Pardue may very well be correct in her assertion that Congress merely intended to impose *respondeat superior* liability in some instances when it defined employer under the FMLA to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I); *compare Sullivan v. River Valley Sch. Dist.* 197 F.3d 804, 808 n.1 (6th Cir. 1999) (ADA); *Hiler v. Brown*, 177 F.3d 542, 547 (6th Cir. 1999) (Rehabilitation Act of 1973); *McDowell v. Krawchison*, 125 F.3d 954, 962 (6th Cir. 1997) (ERISA); *Wathen v. GE*, 115 F.3d 400, 406 (6th Cir.1997) (Title VII). The court merely finds that—in light of *Mitchell*, other precedent from district courts within the Sixth Circuit, the similarity between the FMLA and the FLSA, and, not the least, the Secretary of Labor's reasonable interpretation of the FMLA—the current state of the still-developing FMLA jurisprudence holds that individual supervisors of covered private-sector employers may sometimes be held personally liable. Without a direction to the contrary from the Congress, the Supreme Court, or the Sixth Circuit, the court views a departure from the status quo unwarranted.

13

IV.

For the foregoing reasons, Defendant Pardue's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

28 November 2005
DATE

14

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:05-CV-01171 was distributed by fax, mail, or direct printing on November 28, 2005 to the parties listed.

Justin Gilbert
THE GILBERT LAW FIRM
2021 Greystone Park
Jackson, TN 38308

Stephen D. Godwin
BAKER< DONELSON< BEARMAN< CALDWELL & BERKOWITZ
165 Madison Avenue, STE 2000
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT